JOHN F. HICKOK AND HELEN HICKOK, HIS WIFE, AND ZACK S. ZETOONEY AND CATHERINE E. ZETOONEY, HIS WIFE, APPELLANTS, *v.* LILLIAN TURNER, RESPONDENT.

No. 4300

December 12, 1960 357 P.2d 595

*Guild, Busey & Guild,* of Reno, for Appellants.

*Emile J. Gezelin,* of Reno, for Respondent.

## OPINION

By the Court, BADT, J.:

The question presented is the right of a lessee to recover from his lessors prepaid unearned rentals on the leased premises which had been destroyed by fire. Action for recovery of these rentals was filed by the assignee of the original lessee. Such assignee is herein referred to as the lessee. The question is resolved by a construction of the written lease. It provided for the payment by the lessee to the lessors of $2,400, being six months' rental at $400 a month, to apply, respectively, on the first and last five months' rent. The payment was to assure performance of the terms of the lease. The lease contained the covenants set forth in the margin.[1]

On June 29, 1957 the building was destroyed by fire. At that time three months remained of the lease term,

---

[1] "It is further agreed that in the event during the term of this lease said premises or the improvements thereon are damaged or are destroyed by fire * * * to such an extent that Lessors' insurance settlement or recovery is insufficient to pay in full for all repairs necessary to restore said premises to their former condition and also to pay in full for all additions, repairs, improvements, or alterations then required by any municipal ordinance, * * * the Lessors hereby reserve the right to immediately at their sole option terminate, cancel and end this lease upon written notice to Lessees and thereupon to release Lessees from the payment of further rent thereafter. In the event such written notice is given to Lessees by Lessors and this lease thereupon terminated, and in the further event Lessors thereafter repair or reconstruct said premises, the Lessees shall have the first option to acquire a new lease upon said premises * * *. In the event Lessors do not so terminate and end this lease by such a written notice the rental provided for herein shall abate from the date of such fire until the date the premises are restored to the condition hereinabove specified.

"It is further agreed that in the event during the term of this lease said premises or the building in which the same are situated or either of them are condemned by municipal or State authorities for any cause or reason that this lease upon such condemnation shall terminate and Lessees shall be under no further obligation to pay rent hereunder and Lessors shall upon such condemnation be relieved of any further obligation to Lessees under this lease."

namely July, August, and September 1957, and $1,200 of the $2,400 guaranty was held by the lessors. On July 2, 1957 the lessee wrote the lessors requiring them to notify her whether they elected to terminate the lease or restore the premises. On July 8 the lessors replied that they had not yet been able to ascertain whether the insurance settlement would permit them to rebuild, and were not yet in position to decide whether or not to exercise the option to terminate. On July 18 the lessee again asked for a prompt reply. On September 24 the lessors wrote that the city council of the City of Reno ordered the building demolished and that the lessors had contracted for this work to commence on October 1. On October 14 the lessee demanded return of the $1,200 unearned rental. This having been refused, the lessee sued and obtained judgment for the $1,200.

At the trial defendants showed that the insurance settlement was not made until October 1. The insurance recovered was $103,000, and appellants testified that it would require about $200,000 to restore the premises in such manner as to comply with the city's building code requirements.

Appellants specify no errors other than the trial court's alleged misconstruction of the lease. They contend that as the lease reserved the option only to the lessors to terminate the lease in event of a fire which damaged the premises to such extent that the insurance recovery should be insufficient to restore the premises, they could not be required to exercise their option until the amount of insurance recovery was determined. Appellants then argue as follows:

"Under the condemnation clause of the lease, the lease terminates upon condemnation and the lessee is under no *further* obligation to pay rent and the lessors are relieved of any further obligation on their part. This would relieve lessors of any obligation to give or not to give any notice under the fire clause. Since the monthly rental is due on the first day of the month under the terms of the lease the lessors would apply the last

$400.00 held by them to the September 1, 1957, rental payment, and under the fire clause no *further* rental obligation exists. At most, Turner would be entitled to a rental rebate for the last seven days of September or the sum of $93.33."

The position taken by the appellants is untenable. The governing provision here applicable is the following: "In the event Lessors do not so terminate and end this lease by such a written notice the rental provided for herein shall abate from the date of such fire until the date the premises are restored to the condition hereinabove specified."

The building was destroyed when the lease had three months to run. The prepaid and unearned rent for these three months was properly adjudged by the trial court to be recoverable by the lessee.

Appellants further contend that the premises were operated for three months, namely, January, February, and March 1957 without a license; that it was closed by the city on April 10, 1957 and never reopened; that this was a violation of the city ordinance and a failure to perform the terms of the lease; and that for such reason the lessors were entitled to retain the $1,200 as liquidated damages. No damage resulted to the lessors by reason of the facts recited. The lessors were paid rental for every month of the lease except for the last three months, which followed the destruction of the premises by fire. Nor did the lessors even suffer any loss of rental on that account, as the insurance they received included their loss of rental for those three months.

The judgment is affirmed.

MCNAMEE, C. J., and PIKE, J., concur.